UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ALLEN LUCAS,

        Petitioner,

v.                                                                                               Case No. 10-cv-14948
                                                                              Honorable Denise Page Hood

STEVE RIVARD,

        Respondent.

_____/

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS CERTIFICATE OF APPEALABILITY

Now before the Court is Magistrate Judge Paul J. Komives' Report and Recommendation. The Magistrate Judge recommended that the Court deny Petitioner's writ for habeas corpus and deny a certificate of appealability. Petitioner has filed a letter stating is objection to the Magistrate Judge's conclusions of law. For the reasons stated below, the Court accepts the Report and Recommendation in its entirety.

Petitioner was convicted of two counts of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2); possession of child sexually abusive material, MICH. COMP. LAWS § 750.145c(4); and two counts of second degree criminal sexual conduct (CSC II) with a person under the age of 13, MICH. COMP. LAWS § 750.520c. Petitioner was sentenced as a third habitual offender pursuant to MICH. COMP. LAWS § 769.11 to 217 months to 40 years for the sexually abusive activity, 5 to 8 years for possession of child sexually abusive material, and 217 months

1

to 40 years for CSC II.  Petitioner is currently an inmate at the St. Louis Correctional Facility in St. Louis, Michigan.

When examining a Magistrate's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Petitioner only raises two objections.  First, Petitioner argues that there was an impermissible conflict of interest between Respondent and the appellant attorney, who both have the same last name.  Petitioner offers no evidence beyond his opinion that the name Rivard is uncommon and, as a result, Respondent and the appellant attorney from the Assistant Attorney General's Office must be related.  Even if this is true, Petitioner has not explained how the Respondent and appellate counsel apparent relation had any effect on this matter in such a way that has denied him due process. Petitioner does not argue that his own appellate counsel was biased or had a conflict of interest that infected the matter.

Next, Petitioner contends that the there was not enough evidence to convict him of CSC II.  Specifically, he argues that Federal law requires that the genital area be the focal point and that the sexual conduct be lascivious or designed to be erotic, which the state did not prove.  *See* 18 U.S.C. § 2256.  Petitioner further asserts that there was no showing of force or threats, which he argues is essential for a CSC II conviction.

The Magistrate Judge found that there was sufficient evidence for a jury to find that Petitioner had engaged in intimate touching with a person under the age of 13 and that it was for

the purpose of sexual arousal or gratification. This Court agrees. Contrary to Petitioner's assertion, Petitioner was convicted of a state and not a federal crime. CSC II requires sexual contact with a person under the age of 13. MICH. COMP. LAWS § 750.520c(1)(a); *People v. Soltesz*, 2009 Mich. App. LEXIS 295, *5, 2009 WL 323491 (Mich. Ct. App. Feb. 10, 2009); *People v. Lemons*, 454 Mich. 234, 253; 562 N.W.2d 447 (1997). There is no requirement that the genital area be the focal point or that there be lascivious or erotic conduct. And as the Magistrate Judge rightly pointed out, there is ample evidence showing Petitioner touching children and engaging in autoerotic acts. Petitioner is not entitled to habeas relief on this claim.

Accordingly,

**IT IS ORDERED** that the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11, filed May 11, 2012] as its findings of fact and conclusions of law. **IT IS FURTHER ORDERED** that the Petitioner for Writ of Habeas Corpus [Docket No. 1, filed December 14, 2010] is **DENIED**. **IT IS FURTHER ORDERED** that the Certificate of Appealibility is **DENIED**.

**IT IS SO ORDERED**.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2012, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager