UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ALLEN LUCAS,

        Petitioner,

v.                                                             Case No. 10-cv-14948
                                                            Honorable Denise Page Hood

STEVE RIVARD,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND REQUEST FOR APPOINTMENT OF COUNSEL

On November 30, 2012, the Court accepted the Magistrate Judge's Report and Recommendation; the Court denied Petitioner Donald Allen Lucas's petition for writ of habeas corpus and declined to extend a certificate of appealability. The Court entered judgment in favor of Respondent and against Petitioner on the same day. On December 26, 2012, Petitioner filed a Motion for Certificate of Appealability, asking the Court to reconsider its decision to deny a certificate of appealability. Petitioner further requests that the Court appoint counsel to assist him with this matter and an extension of time. The Court will construe Petitioner's motion as a motion for reconsideration or relief from judgment. For the reasons stated in more detail below, Petitioner's motion for reconsideration or relief from judgment and request for appointment of counsel are denied.

The Eastern District of Michigan Local Rule 7.1(h)(1) allows a party to file a motion for reconsideration within 14 days after entry of judgment. No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either

expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The Court may properly grant a motion for reconsideration if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3).

Federal Rule of Civil Procedure 60 provides for a motion for relief from judgment or order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such a motion must be made within a reasonable time, or in regards to grounds (1), (2), or (3), within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1). Whether a motion for relief was filed within a reasonable time "depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Petitioner asks the Court to reconsider the denial of a certificate of appealability. Notwithstanding the untimeliness of Petitioner's motion for reconsideration, Petitioner does not advance any theory or argument that would cause the Court to believe that it was misled. Nor does

Petitioner advance any argument or evidence that would satisfy any of the grounds for relief under Rule 60(b). Rather, Petitioner simply rehashes the same arguments that were made before the Magistrate Judge and again offered to this Court by way of objection. Petitioner's arguments were considered and found without merit upon review of the Magistrate Judge's Report and Recommendation and Petitioner's subsequent objection. The Court sees no reason, nor does Petitioner advance any, to reconsider these arguments again. Therefore, Petitioner's motion is denied.

Petitioner also asks the Court to appoint counsel to assist him with this matter. However, there is no constitutional right to the appointment of counsel in a habeas proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Given that the Court has dismissed Petitioner's habeas petition and found that Petitioner is not entitled to a certificate of appealability, the Court concludes that exceptional circumstances are absent in this case. Therefore, Petitioner's request for appointment of counsel is denied.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Certificate of Appealability [Docket No. 16, filed December 26, 2012] is DENIED.

                                                S/Denise Page Hood  
                                                Denise Page Hood  
                                                United States District Judge

Dated: June 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 10, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager